IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEVON A. ROZIER,

    Plaintiff,

vs.                                          Case No. 4:13cv599-WS/CAS

SOUTHGATE CAMPUS CENTER,
KEN MILLS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On October 29, 2013, the pro se Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2. The motion for in forma pauperis status was granted on November 22, 2013. Doc. 4. The complaint has now been reviewed.

Plaintiff's complaint indicates that there are four Defendants on page one of the complaint form, but Plaintiff lists only three Defendants on page two, section II. Doc. 1. The listing of Defendants must be identical and consistent throughout the complaint. Notably, Plaintiff's listing of four Defendants is identical to a case Plaintiff filed in March of 2013 in this Court, case number 4:13cv96-RH/CAS. Plaintiff was twice directed to file amended complaints in that case, and after review of Plaintiff's second amended complaint, doc. 8 of that case, the case was dismissed for failure to state a claim. Docs.

10, 12, and 13 of that case. Review of the complaint filed in this case reveals it is based on the same facts concerning Plaintiff's prior employment at Southgate Campus Center between 2005 and 2009. Doc. 1 at 3-8. Plaintiff alleges he was wrongfully suspended between April and May of 2009, and ultimately terminated in August of 2009. Because this § 1983 complaint was filed on October 29, 2013, more than four years after the events alleged, it is barred by the four year statute of limitations.

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988). Plaintiff's claims are brought pursuant to § 1983, are barred by the statute of limitations, and should be dismissed.

Moreover, under the doctrine of *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). In other words, *res judicata* forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit. Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the

merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296.  If all four requirements are met, a court must review the new complaint to determine whether a new claim is presented and, if so, whether the new claim could have been raised in the prior suit.  If the court determines that "the new suit was or could have been raised in the prior action," then res judicata applies.  *Id.*  However, the preclusion of claims that "could have been brought" in earlier litigation does not include claims that arose after the original complaint was filed in the prior action, unless the plaintiff actually asserted the claim in "supplemental pleadings or otherwise."  Pleming v. Universal–Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998).

"The principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. . . .  In determining whether the causes of action are the same, the court must compare the substance of the actions, not their form."   I. A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).  Additionally, "[c]laims are part of the same cause of action when they arise out of the same transaction or series of transactions."  In re Justice Oaks II, Ltd., 898 F.2d 1544, 1551 (11th Cir. 1990), *see* Restatement (Second) Judgments § 24 (1982).

In this case, it is clear that *res judicata* applies and this case must be dismissed.  Plaintiff's claims are based on his prior employment in which he alleges discrimination based on gender and age.  Plaintiff does not allege facts which took place after his employment was terminated.  These are the same events arising out of the same

employment which he previously litigated in case 4:13cv96-RH/CAS. The parties are the same, and final judgment was entered on the merits by this Court which properly had jurisdiction over the proceeding. Therefore, Plaintiff's complaint is also barred by *res judicata* and should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** because it is barred by the statute of limitations and because it is barred by the doctrine of *res judicata* as Plaintiff previously litigated these facts in a prior case.

**IN CHAMBERS** at Tallahassee, Florida, on December 16, 2013.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**